```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    22cv242 (DLC)
COLLEEN FAULKNER, et al.,                :
                                         :
                    Plaintiffs,          :    ORDER
                                         :
        -v-                              :
                                         :
EQUINOX HOLDINGS, INC.,                  :
                    Defendant.           :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On November 3, 2022, the plaintiffs moved for reconsideration of a November 1, 2022 Order that granted in part and denied in part the defendant's motion to dismiss. It is hereby

ORDERED that the motion for reconsideration with respect to the dismissal of plaintiff Quinn Tew's class action claims under the New York State Human Rights Law, Executive Law § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, the Administrative Code of the City of New York § 8-107 et seq. ("NYCHRL") that are addressed to the defendant's gender preference policy is granted. She and Colleen Faulkner may both seek to pursue this claim as a named plaintiff. In Hoffman v. Parade Publications, 15 N.Y.3d 285 (2010), the New York Court of Appeals held that the NYSHRL and the NYCHRL protect nonresident employees "who work in" the state and the city, respectively.

Id. at 290-91. The impact test articulated in Hoffman does not require Tew to be a New York City or New York State resident. See id. Tew has adequately pled that she worked at Equinox at the 54 Murray Street location in New York City from 2017 until her firing in 2020.

IT IS FURTHER ORDERED that upon further reconsideration, Tew's individual claims under the NYSHRL and the NYCHRL for pregnancy and disability discrimination are not dismissed.

IT IS FURTHER ORDERED that the motion for reconsideration with respect to plaintiff Faulkner's individual gender discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C §§ 2000e et seq., the NYSHRL, and the NYCHRL is denied. Faulkner failed to state a claim under any of the three statutes for either the failure of her manager to train with her, the failure to adequately acknowledge the anniversary of her employment, or the cancellation of Faulkner's professional development meeting.

Dated:   New York, New York
         November 9, 2022

                                    _____
                                          DENISE COTE
                                    United States District Judge