UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

COLLEEN FAULKNER; and QUINN TEW,
individually and on behalf of all others similarly
situated,

                                        Plaintiffs,

        v.                                                          Civil Case No.:  22-CV-242 (DLC)


EQUINOX HOLDINGS, INC.

                                        Defendant.

-------------------------------------------------------------------X


## STIPULATION OF CONFIDENTIALITY

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Colleen

Faulkner and Quinn Tew (the "Named Plaintiffs"), individually and on behalf of all others

similarly situated, and Defendant Equinox Holdings, Inc. ("Defendant", together with Plaintiffs

"the Parties"), by and through their undersigned counsel, that:

        1.      All Confidential Information (as defined below) produced by the Parties for

purposes of the Parties' litigation or mediation of this action shall be subject to the terms and

provisions set forth herein.

        2.      The following terms, as used herein, shall, without limiting the generality

of the meaning of those terms, be construed as follows:

                (a)      "Parties" shall mean (i) Named Plaintiffs;  (ii) any other putative

                        class member required by the Court to appear at a deposition or

                        respond to written discovery (collectively with the Named Plaintiffs

                        hereinafter "Plaintiffs"), and any authorized agent(s), attorney(s) or

                        other entities or person(s) acting on their behalf; and (iii) Defendant

shall mean Defendant's employees who are actively involved in Defendant's defense of this action and representatives thereof, and any authorized agent(s), attorney(s) or entities or person(s) acting on its behalf for the purposes of this litigation.

(b)     "Confidential Information" means information deemed confidential by Fed. Civ. P. 26(c) and trade secrets, commercially sensitive business information, sensitive personal or financial information, that is produced by the Parties for the purpose of the Parties' litigation of this action, except that Confidential Information shall not include (1) any information, which was lawfully and properly in the possession, custody, or control of any party as of the commencement of this lawsuit, or (2) any information which is in the public domain. "Confidential Information" includes medical records, Plaintiffs' employment records following their employment with Defendant, unemployment records, tax records, the records of any non-Plaintiff, but excludes Plaintiffs' individual wage-and-hour records, and Defendant's employment policies that applied to Plaintiffs. "Confidential Information" shall also include Plaintiffs' personnel file, but shall exclude any wage-and-hour-related communications, complaints of discrimination or harassment, investigations into complaints of discrimination or harassment,

disciplinary actions taken against Plaintiffs, and related documents, provided such documents involve the claims at issue in this matter.

3.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Proprietary information includes, but is not limited to, information relating to Defendant's business, management, and personnel strategies. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES/POSSESSION ONLY."

4.      "Highly Confidential – Attorneys' Eyes/Possession Only" shall mean that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information or medical records and tax records. Highly Confidential - Attorney Eyes/Possession Only does not include, and this Confidentiality Order does not apply to, information that is already in the knowledge or possession, custody, or control of the party to whom disclosure is made unless that party is already bound by

agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

       5.      Any Confidential Information produced in this action shall be used solely for the purpose of litigating and/or resolving the above-captioned matter, and shall not be used for any purpose in any matter other than the instant litigation.

       6.      Except as otherwise provided in this Stipulation of Confidentiality, material constituting Confidential Information or otherwise designated as such may be examined only by the following persons:

       (a)     Defendant;

       (b)     Plaintiffs. To the extent any Plaintiff examines the personnel documents of a Plaintiff other than him or herself (other than records relating to services performed for, and compensation paid by, Defendant), or any other Confidential Information other than his or her own personnel documents, Plaintiffs' counsel shall inform that Plaintiff of this confidentiality order and that they are bound by it.

       (c)     The Parties' respective counsel and employees and consultants of the Parties' counsel (including in-house counsel and legal assistants) who are acting under the direction and control of such counsel and who are assisting such counsel in this action;

       (d)     To the extent necessary for the prosecution or defense of the instant matter, actual or proposed witnesses, independent consultants or experts retained in connection with the instant action by the Parties' counsel, and any other person(s) whom the Parties' counsel deem

necessary so long as they sign the attached Agreement to be Bound by Stipulation of Confidentiality;

(e)    Stenographers or court reporters only to the extent necessary to prepare records of sworn testimony in the instant action;

(f)    Any mediator, mutually agreed to by the Parties to attempt to resolve this action;

(g)    Magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action or any law enforcement agency;

(h)    Any claims administrator retained by either or both parties; and

(i)    Jurors and/or fact-finders.

7.      Nothing herein shall preclude the Parties from disclosing material designated as Confidential if otherwise required by law or pursuant to a valid subpoena.

8.      If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with the producing party. In the event that such a dispute cannot be resolved, the party seeking to designate document as confidential may apply to the Court via letter motion for a determination as to whether the designation is appropriate. The burden rests on the producing party seeking confidentiality to demonstrate that such designation is appropriate.

9.      No party or person, other that Defendant's or Plaintiffs' counsel, shall be allowed to retain Confidential Information belonging to any other party or person, or any document or other item designated as confidential, or any copies thereof, beyond the conclusion of this litigation unless an appeal is filed, and such information shall be destroyed or returned as described

in Paragraph 17 below, subject to the exceptions set forth therein. The Parties' counsel may retain

Confidential Information subject to this confidentiality order for the purpose outlined in Paragraph

17, and shall keep the Confidential Information in the strictest confidence.

10.     The producing party may waive the confidentiality provisions of this

Stipulation of Confidentiality as to any information that constitutes Confidential Information or is

designated as Confidential Information or any portion thereof only by explicit written waiver. Such

waiver shall not result in a waiver of the confidential status of any other information that constitutes

Confidential Information or is deemed Confidential Information pursuant to this Stipulation of

Confidentiality. Use of information acquired through independent search or investigation (other

than discovery from the Parties to this action) or which is in the public domain shall not be

restricted by the terms of this Stipulation of Confidentiality.

11.     The production of privileged or work-product protected documents,

electronically stored information ("ESI") or other information, whether inadvertent or otherwise,

is a not a waiver of the privilege or protection from discovery in this case or in any other federal

or state proceeding. This order shall be interpreted to provide the maximum protection allowed by

Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a

party's right to conduct a review of documents, ESI, or information (including metadata) for

relevance, responsiveness, and/or segregation of privileged and/or protected information before

production. Moreover, nothing in this Order shall prevent a party from withholding production of

a document considered privileged (including, but not limited to, on the bases of HIPAA, the

attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

12.     The testimony of any witness deposed on oral examination shall be deemed Confidential Information for a period of twenty-one (21) days after receipt by counsel of the transcript of the deposition provided that counsel orders the transcript within fourteen (14) days of the deposition. If counsel believes that testimony contained in a deposition transcript or a portion thereof constitutes Confidential Information, counsel shall designate such information as Confidential Information during the deposition or within 21 days after receipt by counsel of the transcript of the deposition provided that counsel orders the transcript within fourteen (14) days of the deposition., in writing, identifying the information deemed Confidential Information by page and line number, to opposing counsel. Any portion that is not designated is deemed not to contain Confidential Information. The Stipulation of Confidentiality shall not preclude counsel for the Parties from using during any deposition in this action any documents or information that constitutes Confidential Information or has been designated as Confidential Information.

13.     The Parties will jointly file or request to file any documents containing Confidential Information under seal or in redacted form in conformity with Section 8 of Judge Cote's Individual Rules. However, the Parties will endeavor to limit the extent to which such documents must be filed under seal by reaching agreement regarding redacting portions of the

documents so that they can be publicly filed, and conferring regarding the necessity of filing under seal any specific document, the unsealed filing of which shall not be unreasonably withheld.

14.     Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon notice to counsel for the Parties.

15.     This Stipulation of Confidentiality may be amended by the agreement of counsel for the Parties in the form of a written amendment to the Stipulation of Confidentiality.

16.     This Stipulation of Confidentiality shall remain in full force and effect until modified by the Parties and so ordered by the Court.

17.     Any time after the Parties execute a settlement agreement relating to this matter, or any time after the conclusion of this action by final judgment not subject to appeal, a party producing Confidential Information may request in writing the return or destruction of all such material and of all copies thereof, and the receiving parties shall comply with such request unless otherwise ordered by the Court by returning all such material or providing an affidavit confirming its destruction. Notwithstanding this provision, counsel are entitled to retain the Confidential Information subject to this confidentiality order for the sole purpose of responding to client inquiries regarding resolution and shall keep the Confidential Information in strictest confidence.

18.     The Court shall retain jurisdiction after it enters a final judgment in this action to enforce this confidentiality order. If either party violates this order, that party hereby consents to the jurisdiction of this Court to adjudicate such violation.

19.     Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case or prevents

any party from using any document at trial. Each party reserves the right to object to the use or admissibility of the Confidential Information.

        20.    Pending Court approval of this Stipulation, the Parties agree to abide by all of its terms, as if it had been approved by the Court.


By: _____

ALEXANDER WHITE
JAMES A. VAGNINI
VALLI KANE & VAGNINI LLP
*Attorneys for Plaintiffs*
600 Old Country Road, Suite 519
Garden City, NY 11530
(516) 203-7180


Date:  January 25, 2023


By: _____
        s/Allan S. Rubin

ALLAN S. RUBIN, ESQ.
ADAM S. GROSS, ESQ.
JACKSON LEWIS P.C.
*Attorneys for Defendant*
58 South Service Road, Suite 250
Melville, NY  11747
(631) 247-0404


Date: _____January 26_____, 2023


SO ORDERED

_____1/26/23_____
Date

_____
U.S.D.J. Denise L. Cote.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

COLLEEN FAULKNER; and QUINN TEW,
individually and on behalf of all others similarly
situated,

                                    Plaintiffs,

          v.

EQUINOX HOLDINGS, INC.

                                    Defendant.

Civil Case No.:  22-CV-242 (DLC)

## AGREEMENT TO BE BOUND BY
## STIPULATION OF CONFIDENTIALITY

I, _____, declare as follows:

1.      I have read and am familiar with the terms of the Stipulation of Confidentiality ("Stipulation") in the above-captioned case governing disclosure of Confidential Information.

2.      I have been instructed by counsel for _____ that the Court has ordered that any Confidential Information other than my own records shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case, including attempts to resolve the case, and that I may not disclose, convey, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Stipulation.

3.      I agree to abide by all the terms of the Stipulation and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Stipulation.  I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4.      I agree to return to producing counsel any and all documentation delivered to me under the terms of the Stipulation and all copies thereof and to destroy any notes in my possession containing any Confidential Information covered by the terms of this Stipulation.

5.      I acknowledge that the Stipulation is binding on me.  I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Stipulation, and what sanction, if any, to impose for violation thereof.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this ____ day of _____, 2023, at _____.

_____
Signature

_____
Printed Name

_____
Address

4893-8653-6522, v. 2